# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH E. RAMAEKERS,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C15-3004-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on November 12, 2015, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 13. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand the case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party objected to Judge Scoles' R&R.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that]

allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.   *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

3

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

Ramaekers applied for Title II disability insurance benefits. Ramaekers alleged disability based upon post-fusion cervical spine and deep vein thrombosis of the lower right extremity. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Ramaekers could work jobs that exist in significant numbers in the national economy. (Making this a step five case.) In his complaint and brief before this court, Ramaekers argued that the ALJ made two errors. First, Ramaekers argued that the ALJ failed to properly evaluate his subjective allegations of pain and physical disability. Second, Ramaekers argued that the ALJ's residual functional capacity (RFC) evaluation failed to incorporate relevant evidence from the treating medical providers.

Judge Scoles found that the ALJ's decision that Ramaekers was not disabled was not supported by substantial evidence and, therefore, recommended that it be reversed and remanded. Doc. No. 13. Specifically, Judge Scoles reviewed the ALJ's evaluation of Ramaekers' subjective complaints under the appropriate legal standard and found that:

> The ALJ also addressed some of the *Polaski* factors and explained her reasoning for finding Ramaekers' subjective allegations of disability less than credible. Under such circumstances, the Court would normally affirm the ALJ's credibility determination. The Court is reluctant to affirm the ALJ's credibility determination in this instance, however, because the ALJ's decision lacks full consideration of the entire record. For example, in the area of activities of daily living, the ALJ determined that Ramaekers is 'capable of preparing meals, and performing house and yard work.' However, in his Function Reports for the Social Security Administration, Ramaekers stated that he only makes simple

4

> lunches, like cooking a frozen pizza, and does no other cooking. Nowhere in the record does Ramaekers indicate that he is capable of performing any type of housework. As for yard work, Ramaekers stated that he mows the law incrementally with breaks on a riding lawnmower due to cramping and neck pain. Similarly, while Ramaekers indicated that he was capable of driving, he stated that he could only drive short distances, and generally lets his wife drive him places. He further stated that he does no shopping on his own, and if he goes shopping with his wife, he stays in the car while she goes into the store. The Court believes that Ramaekers' ability 'to engage in some life activities, however, does not support a finding that [he] retains the ability to work.' *Forehand v. Barnhart*, 364 F.3d 984, 988 (8th Cir. 2004).

Doc. No. 13, p. 16-17. Judge Scoles also found that the ALJ improperly discounted some medical evidence, stating:

> The only examining physician, Dr. Scher, found that Ramaekers had 'significant' restriction of cervical motion. He also had some restrictions in the lower pelvic girdle and lower extremities. Dr. Scher also found 'significant' loss of grip strength in his left hand, and 'some diminution' in his right hand. Ramaekers also demonstrated 'decreased muscular strength in his left upper extremity as well as in his right lower extremity.' Dr. Scher diagnosed Ramaekers with: (1) status post-operative cervical fusion with 'significant' loss of range of motion of the neck and persistence of cervicalgia; (2) residual left upper extremity weakness secondary to prolonged cervical nerve compression preoperatively; (3) history of factor V deficiency; and (4) leg pain and swelling secondary to deep venous thrombosis. In evaluating Dr. Scher's opinions, the ALJ granted little weight because 'the findings are simply not consistent with previous orthopedic exams, and there is little objective medical evidence that would indicate worsening of [Ramaekers'] condition. In fact, most objective evidence … indicates normal findings. (Ex. 12F).' The Court finds two problems with the ALJ's rejection of Dr. Scher's opinions. First, the ALJ does not address the orthopedic exams or objective medical evidence that are allegedly inconsistent with Dr. Scher's opinions. Second, the record the ALJ cites in her decision, 12F, is Dr. Scher's opinion, not objective medical evidence indicating normal findings that are inconsistent with Dr. Scher's

5

opinions. Moreover, after his hospitalization in January 2011 where he was diagnosed with DVT, the medical evidence in the record demonstrates that Ramaekers consistently sought medical treatment for leg, back, and neck pain and issues with muscle cramping. Thus, the Court is unpersuaded that the ALJ fully and fairly developed the record to support a discounting of Ramaekers' subjective allegations based on the objective medical evidence.

Doc. No. 13, p. 17-18.[1] Judge Scoles concluded:

> The Court believes that the ALJ failed to fully and fairly develop the record with regard to Ramaekers' credibility, including the opinions of his examining physician and the objective medical evidence as a whole. See *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007) (providing that an ALJ has a duty to develop the record fully and fairly). Moreover, by failing to fully and fairly develop the record in this matter, the ALJ's reasons for discounting Ramaekers' testimony are not supported by inconsistencies with the record as a whole. See *Wildman*, 596 F.3d at 968 (providing that an ALJ may discount a claimant's subjective complaints 'if there are inconsistencies in the record as a whole'); *Finch*, 547 F.3d at 935 (same); *Lowe*, 226 F.3d at 972 ('The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole.'). Therefore, the Court recommends that this matter be remanded for further development of Ramaekers' credibility determination.

Doc. No. 13, p. 19.

Judge Scoles then considered Ramaekers' argument that the ALJ improperly formulated Ramaekers' RFC. Judge Scoles reviewed the appropriate legal standard and found that:

> [in the previous section], the Court recommended that remand was necessary because the ALJ failed to fully and fairly develop the record with regard to Ramaekers' subjective allegations of pain and disability. The Court also addressed the need for the ALJ on remand

---

[1] Judge Scoles also noted that Ramaekers' extensive work history supported his claim.

to fully and fairly develop the record with regard to the objective medical evidence as a whole, including the opinions of Dr. Scher, the sole examining physician in this matter. Because the ALJ did not fully and fairly develop the record with regard to the objective medical evidence, and failed to properly determine Ramaekers' credibility, the Court finds that the ALJ's RFC assessment is not based on all of the relevant evidence. See *Guilliams*, 393 F.3d at 803. Accordingly, the Court recommends that remand is necessary in order that the ALJ make her RFC assessment for Ramaekers based on all the relevant evidence, including the opinions of Dr. Scher, and Ramaekers' own testimony of pain and disability.

Doc. No. 13, p. 20-21. Judge Scoles then recommended that the case be remanded to the ALJ for further consideration consistent with his opinion.

## IV. DISCUSSION

Because the parties did not object to Judge Scoles' R&R, I review his decision for clear error. Judge Scoles described and applied the appropriate legal standards when reviewing the ALJ's credibility determination and RFC finding. Judge Scoles properly found that substantial evidence did not support the ALJ's credibility determination because the ALJ neither fully considered Ramaekers' subjective complaints nor Dr. Scher's medical evidence. Further, Judge Scoles properly found that because the ALJ's credibility determination was flawed, so too was the RFC finding. I find no error – clear or otherwise. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Chief United States Magistrate Judge Scoles' November 12, 2015, report and recommendation (Doc. No. 13) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

7

a. The Commissioner's determination that Raemakers was not disabled is **reversed**; and

b. *remand* this matter to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed by Judge Scoles.

c. If Plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 10th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE